1    MARGARET ROSENTHAL, Bar No. 147501
       *mrosenthal@bakerlaw.com*
2    ANTHONY S. BRILL, Bar No. 151101
       *abrill@bakerlaw.com*
3    SABRINA L. SHADI, Bar No. 205405
       *sshadi@bakerlaw.com*
4    DAWN KENNEDY, Bar No. 252406
       *dkennedy@bakerlaw.com*
5    BAKER & HOSTETLER LLP
     12100 Wilshire Boulevard, 15th Floor
6    Los Angeles, California 90025-7120
     Telephone: 310.820.8800
7    Facsimile:   310.820.8859

8    Attorneys for Defendant
     SNELLING SERVICES, LLC
9

10                   UNITED STATES DISTRICT COURT

11                  CENTRAL DISTRICT OF CALIFORNIA

12   NICK ZANZE, on behalf of a class of        Case No. CV09-2101 R (AJWx)
     similarly situated individuals, and on
13   behalf of himself individually,            **DEFENDANT SNELLING
                                                SERVICES, LLC'S NOTICE OF
14                    Plaintiffs,                LODGING NON-FEDERAL
                                                AUTHORITIES IN SUPPORT OF
15            v.                                 ITS REPLY CITED IN SUPPORT
                                                OF ITS MOTION TO DISMISS**
16   SNELLING SERVICES, LLC, a
     Delaware Corporation, d/b/a SNELLING       [Filed concurrently with Defendant's
17   STAFFING SERVICES, and d/b/a               Reply Memorandum of Points and
     SNELLING,                                  Authorities in Support of its Motion to
18                                              Dismiss]
                      Defendants.
19                                              [Fed. R. Civ. P. 12(b)(6)]

20                                              Date:    July 6, 2009
                                                Time:    10:00 a.m.
21                                              Judge:   Hon. Manuel L. Real
                                                Ctrm:    8
22
                                                Action filed:    March 26, 2009
23                                              Trial date:      None

24

25

26

27

28

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

1    Snelling Services, LLC hereby lodges copies of the following non-federal

2    authorities cited in support of its motion to dismiss the complaint of Nick Zanze:

3    1.    Cal. Bus. & Prof. Code § 17200 (Exhibit 1);

4    2.    Cal. Bus. & Prof. Code § 17208 (Exhibit 2);

5    3.    Cal. Bus. & Prof. Code § 17204 (Exhibit 3);

6    4.    Cal. Bus. & Prof. Code §§ 16601-16602.5 (Exhibit 4);

7    5.    Cal. Bus. & Prof. Code § 16607 (Exhibit 5);

8    6.    Colo. Rev. Stat. § 8-2-113 (Exhibit 6);

9    7.    Hawaii Rev. Stat. § 480-4 (Exhibit 7);

10    8.    Montana Code §§ 28-2-704-705 (Exhibit 8); and

11    9.    DLSE Enforcement Policies and Interpretations Manual, § 34.7

12    (Exhibit 9).

13

14    Dated:  June 29, 2009                      MARGARET ROSENTHAL

15                                               ANTHONY S. BRILL
                                                 SABRINA L. SHADI

16                                               DAWN KENNEDY
                                                 BAKER & HOSTETLER LLP

17

18                                               _Margaret Rosenthal_

19                                               Margaret Rosenthal

20                                               Attorneys for Defendant
                                                 SNELLING SERVICES, LLC

21

22

23

24

25

26

27

28    089794, 000002, 502486132.1

DEFENDANT'S NOTICE OF LODGING
IN SUPPORT OF REPLY

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

 Westlaw.

West's Ann.Cal.Bus. & Prof.Code § **17200**

► **Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
  Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
      Part 2. Preservation and Regulation of Competition (Refs & Annos)
       Chapter 5. Enforcement (Refs & Annos)

    → **§ 17200. Unfair competition; prohibited activities**

As used in this chapter, unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code.

CREDIT(S)

(Added by Stats.1977, c. 299, p. 1202, § 1. Amended by Stats.1992, c. 430 (S.B.1586), § 2.)

VALIDITY

*This section is recognized as preempted by federal law, as to credit reporting agencies, in Howard v. Blue Ridge Bank, N.D.Cal.2005, 371 F.Supp.2d 1139.*

*This statute was held preempted, as to claims involving interstate sales of wholesale electricity, by the Federal Power Act, under which the Federal Energy Regulatory Commission was granted exclusive jurisdiction over interstate sales of wholesale electricity, in the decision of In re Enron Corp., 2005, 328 B.R. 75.*

*This section was held preempted by the Home Owners' Loan Act, in the case of Silvas v. E*Trade Mortg. Corp., S.D.Cal.2006, 421 F.Supp.2d 1315, affirmed 514 F.3d 1001.*

*This section was held preempted by the Fair Credit Reporting Act (FCRA) with respect to alleged injuries arising from the reporting of credit information to a credit reporting agency in the decision of Johnson v. JP Morgan Chase Bank DBA Chase Manhattan, E.D.Cal.2008, 536 F.Supp.2d 1207.*

HISTORICAL AND STATUTORY NOTES

2008 Main Volume

The 1992 amendment inserted "any" and "act or".

Legislative intent of amendment by Stats.1992, c. 430 (S.B.1586), see Historical and Statutory Notes under Business and Professions Code § 12246.

West's Ann. Cal. Bus. & Prof. Code § **17200**, CA BUS & PROF § **17200**

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 1**
**- 2 -**

West's Ann.Cal.Bus. & Prof.Code § **17200**

Current with urgency legislation through Ch. 4 of the 2009 Reg.Sess.,
Ch. 12 of the 2009-2010 2nd Ex.Sess., and Ch. 25 of the 2009-2010 3rd Ex.Sess.,
Governor's Reorganization Plan No. 1 of 2009, and Props. 1A to 1F on the
5/19/2009 ballot and propositions on the 6/8/2010 ballot received
as of 6/1/2009

© 2009 Thomson Reuters

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 1**
**- 3 -**



West's Ann.Cal.Bus. & Prof.Code § 17208

Page 1

**C**

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
   Business and Professions Code (Refs & Annos)
      Division 7. General Business Regulations (Refs & Annos)
         Part 2. Preservation and Regulation of Competition (Refs & Annos)
            Chapter 5. Enforcement (Refs & Annos)

    → **§ 17208. Commencement of action; limitations; revival**

Any action to enforce any cause of action pursuant to this chapter shall be commenced within four years after the cause of action accrued. No cause of action barred under existing law on the effective date of this section shall be revived by its enactment.

CREDIT(S)

(Added by Stats.1977, c. 299, p. 1202, § 1.)

West's Ann. Cal. Bus. & Prof. Code § 17208, CA BUS & PROF § 17208

Current with urgency legislation through Ch. 4 of the 2009 Reg.Sess.,
Ch. 12 of the 2009-2010 2nd Ex.Sess., and Ch. 25 of the 2009-2010 3rd Ex.Sess.,
Governor's Reorganization Plan No. 1 of 2009, and Props. 1A to 1F on the
5/19/2009 ballot and propositions on the 6/8/2010 ballot received
as of 6/1/2009

© 2009 Thomson Reuters

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 2**
**- 4 -**



West's Ann.Cal.Bus. & Prof.Code § 17204

c

**Effective: January 01, 2009**

West's Annotated California Codes Currentness
  Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
      Part 2. Preservation and Regulation of Competition (Refs & Annos)
        Chapter 5. Enforcement (Refs & Annos)

→ **§ 17204. Actions for Injunctions by Attorney General, District Attorney, County Counsel, and City Attorneys [FN1]**

Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or a district attorney or by a county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or by a city attorney of a city having a population in excess of 750,000, or by a city attorney in a city and county or, with the consent of the district attorney, by a city prosecutor in a city having a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association, or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.

CREDIT(S)

(Added by Stats.1977, c. 299, p. 1202, § 1. Amended by Stats.1991, c. 1195 (S.B.709), § 1; Stats.1991, c. 1196 (A.B.1755), § 1; Stats.1992, c. 385 (S.B.1911), § 1; Stats.1993, c. 926 (A.B.2205), § 2; Initiative Measure (Prop. 64, § 3, approved Nov. 2, 2004, eff. Nov. 3, 2004); Stats.2007, c. 17 (S.B.376), § 1; Stats.2008, c. 179 (S.B.1498), § 23.)

[FN1] Section caption supplied by Prop. 64.

HISTORICAL AND STATUTORY NOTES

2009 Electronic Update

2008 Legislation

Stats.2008, c. 179 (S.B.1498), made nonsubstantive changes to maintain the code.

Subordination of legislation by Stats.2008, c. 179 (S.B.1498), to other 2008 legislation, see Historical and Statutory Notes under Business and Professions Code § 108.

2008 Main Volume

The 1991 amendment inserted "by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or", "or city and county", and "or with the consent of the district attorney, by a city attorney in any city and county"; and deleted "or city and county" after "city prosecutor in any city".

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 3**
**- 5 -**

West's Ann.Cal.Bus. & Prof.Code § **17204**

Effect of amendment of section by two or more acts at the same session of the legislature, see Government Code § 9605.

The 1992 amendment substituted "any relief" for "injunction" proceeding "pursuant to this chapter".

The 1993 amendment, near the beginning of the paragraph, substituted "shall" for "may" and inserted "exclusively in a court of competent jurisdiction" following "prosecuted".

Initiative Measure (Prop. 64), § 3, inserted the caption; and at the end of the text paragraph, substituted "who has suffered injury in fact and has lost money or property as a result of such unfair competition" for "acting for the interests of itself, its members or the general public".

For findings and declarations, conflicting legislation or measures, and severability provisions relating to Initiative Measure (Prop. 64), see Historical and Statutory Notes under Business and Professions Code § 17203.

Stats.2007, c. 17 (S.B.376), rewrote this section, which read:

"Actions for any relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or any district attorney or by any county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or any city attorney of a city, or city and county, having a population in excess of 750,000, and, with the consent of the district attorney, by a city prosecutor in any city having a full-time city prosecutor or, with the consent of the district attorney, by a city attorney in any city and county in the name of the people of the State of California upon their own complaint or upon the complaint of any board, officer, person, corporation or association or by any person who has suffered injury in fact and has lost money or property as a result of such unfair competition."

West's Ann. Cal. Bus. & Prof. Code § **17204**, CA BUS & PROF § **17204**

Current with urgency legislation through Ch. 4 of the 2009 Reg.Sess.,
Ch. 12 of the 2009-2010 2nd Ex.Sess., and Ch. 25 of the 2009-2010 3rd Ex.Sess.,
Governor's Reorganization Plan No. 1 of 2009, and Props. 1A to 1F on the
5/19/2009 ballot and propositions on the 6/8/2010 ballot received
as of 6/1/2009

© 2009 Thomson Reuters

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 3**
- 6 -



West's Ann.Cal.Bus. & Prof.Code § **16601**

**c**

**Effective: January 01, 2007**

West's Annotated California Codes Currentness
  Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
      Part 2. Preservation and Regulation of Competition (Refs & Annos)
        Chapter 1. Contracts in Restraint of Trade (Refs & Annos)

➔ **§ 16601. Sale of goodwill of business or ownership interest in or operating assets of business entity or division or subsidiary thereof; agreement not to compete**

Any person who sells the goodwill of a business, or any owner of a business entity selling or otherwise disposing of all of his or her ownership interest in the business entity, or any owner of a business entity that sells (a) all or substantially all of its operating assets together with the goodwill of the business entity, (b) all or substantially all of the operating assets of a division or a subsidiary of the business entity together with the goodwill of that division or subsidiary, or (c) all of the ownership interest of any subsidiary, may agree with the buyer to refrain from carrying on a similar business within a specified geographic area in which the business so sold, or that of the business entity, division, or subsidiary has been carried on, so long as the buyer, or any person deriving title to the goodwill or ownership interest from the buyer, carries on a like business therein.

For the purposes of this section, "business entity" means any partnership (including a limited partnership or a limited liability partnership), limited liability company (including a series of a limited liability company formed under the laws of a jurisdiction that recognizes such a series), or corporation.

For the purposes of this section, "owner of a business entity" means any partner, in the case of a business entity that is a partnership (including a limited partnership or a limited liability partnership), or any member, in the case of a business entity that is a limited liability company (including a series of a limited liability company formed under the laws of a jurisdiction that recognizes such a series), or any owner of capital stock, in the case of a business entity that is a corporation.

For the purposes of this section, "ownership interest" means a partnership interest, in the case of a business entity that is a partnership (including a limited partnership a limited liability partnership), a membership interest, in the case of a business entity that is a limited liability company (including a series of a limited liability company formed under the laws of a jurisdiction that recognizes such a series), or a capital stockholder, in the case of a business entity that is a corporation.

For the purposes of this section, "subsidiary" means any business entity over which the selling business entity has voting control or from which the selling business entity has a right to receive a majority share of distributions upon dissolution or other liquidation of the business entity (or has both voting control and a right to receive these distributions.)

CREDIT(S)

(Added by Stats.1941, c. 526, § 1. Amended by Stats.1941, c. 845, § 1; Stats.1945, c. 671, § 1; Stats.1963, c.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 4**
- 7 -

West's Ann.Cal.Bus. & Prof.Code § **16601**

597, § 1; Stats.2002, c. 179 (A.B.601), § 1; Stats.2006, c. 495 (A.B.339), § 1.)

HISTORICAL AND STATUTORY NOTES

2008 Main Volume

The 1941 amendment substituted "within a specified county or counties, city or cities, or a part thereof, in which the business so sold has been carried on," for "within a specified county, city, or a part thereof,".

The 1945 amendment added the provisions relating to shareholder selling or disposing of all his corporate shares.

The 1963 amendment included sales embraced within subsection (a) to (c) and added last sentence defining "subsidiary".

Stats.2002, c. 179 (A.B.601), rewrote this section, which read:

"Any person who sells the goodwill of a business, or any shareholder of a corporation selling or otherwise disposing of all his shares in said corporation, or any shareholder of a corporation which sells (a) all or substantially all of its operating assets together with the goodwill of the corporation, (b) all or substantially all of the operating assets of a division or a subsidiary of the corporation together with the goodwill of such division or subsidiary, or (c) all of the shares of any subsidiary, may agree with the buyer to refrain from carrying on a similar business within a specified county or counties, city or cities, or a part thereof, in which the business so sold, or that of said corporation, division, or subsidiary has been carried on, so long as the buyer, or any person deriving title to the goodwill or shares from him, carries on a like business therein. For the purposes of this section, 'subsidiary' shall mean any corporation, a majority of whose voting shares are owned by the selling corporation."

Stats.2006, c. 495 (A.B.339), inserted "(including a series of a limited liability company formed under the laws of a jurisdiction that recognizes such a series)" in the second, third, and fourth paragraphs.

Section 37 of Stats.2006, c. 495 (A.B.339), provides:

"SEC. 37. Nothing in this act shall be construed to affect or overturn any decision of law or existing statute regarding the liability of limited partners. Except as provided herein, nothing in this act shall be construed to affect any existing statute pertaining to limited liability partnerships and limited liability companies. This act does not permit the formation of limited liability limited partnerships in this state."

**Derivation:** Civ.C. § 1674.

West's Ann. Cal. Bus. & Prof. Code § **16601**, CA BUS & PROF § **16601**

Current with urgency legislation through Ch. 4 of the 2009 Reg.Sess.,
Ch. 12 of the 2009-2010 2nd Ex.Sess., and Ch. 25 of the 2009-2010 3rd Ex.Sess.,
Governor's Reorganization Plan No. 1 of 2009, and Props. 1A to 1F on the
5/19/2009 ballot and propositions on the 6/8/2010 ballot received
as of 6/1/2009

© 2009 Thomson Reuters

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 4**



**c**

**Effective: January 01, 2003**

West's Annotated California Codes Currentness
  Business and Professions Code (Refs & Annos)
    Division 7. General Business Regulations (Refs & Annos)
      Part 2. Preservation and Regulation of Competition (Refs & Annos)
        Chapter 1. Contracts in Restraint of Trade (Refs & Annos)

→ **§ 16602. Partners; dissolution or dissociation; agreement not to compete**

(a) Any partner may, upon or in anticipation of any of the circumstances described in subdivision (b), agree that he or she will not carry on a similar business within a specified geographic area where the partnership business has been transacted, so long as any other member of the partnership, or any person deriving title to the business or its goodwill from any such other member of the partnership, carries on a like business therein.

(b) Subdivision (a) applies to either of the following circumstances:

(1) A dissolution of the partnership.

(2) Dissociation of the partner from the partnership.

CREDIT(S)

(Added by Stats.1941, c. 526, p. 1834, § 1. Amended by Stats.1961, c. 1091, p. 2821, § 1; Stats.1996, c. 1003 (A.B.583), § 1; Stats.2002, c. 179 (A.B.601), § 2.)

HISTORICAL AND STATUTORY NOTES

2008 Main Volume

The 1961 amendment provided that "Any partner", instead of "Partners", may agree that "he will not", instead of "none of them will", carry on, etc.; expanded area to include "a specified county or counties, city or cities", from "the same city or town"; and added clause relating to duration.

The 1996 amendment designated subd. (a), and in that subdivision, substituted "any of the circumstances described in subdivision (b)" for "a dissolution of the partnership" and made that subdivision gender neutral; and added subd. (b).

Stats.2002, c. 179 (A.B.601), in subd. (a), substituted "geographic area" for "county or counties, city or cities, or a part thereof,"; in subd. (b), substituted "either" for "any"; and deleted par. (3) of subd. (b), which read:

"(3) A sale or other disposition of the partner's interest in a partnership."

**Derivation:** Civ.C. § 1675.

West's Ann. Cal. Bus. & Prof. Code § 16602, CA BUS & PROF § 16602

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 4**
**- 9 -**

West's Ann.Cal.Bus. & Prof.Code § **16602**


Current with urgency legislation through Ch. 4 of the 2009 Reg.Sess.,
Ch. 12 of the 2009-2010 2nd Ex.Sess., and Ch. 25 of the 2009-2010 3rd Ex.Sess.,
Governor's Reorganization Plan No. 1 of 2009, and Props. 1A to 1F on the
5/19/2009 ballot and propositions on the 6/8/2010 ballot received
as of 6/1/2009

© 2009 Thomson Reuters

END OF DOCUMENT

.

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 4**
**- 10 -**



West's Ann.Cal.Bus. & Prof.Code § **16602**.5

**C**

**Effective: January 01, 2007**

West's Annotated California Codes Currentness
 Business and Professions Code (Refs & Annos)
  Division 7. General Business Regulations (Refs & Annos)
   Part 2. Preservation and Regulation of Competition (Refs & Annos)
    Chapter 1. Contracts in Restraint of Trade (Refs & Annos)

→ **§ 16602.5. Non-compete agreement upon dissolution or sale of limited liability company**

Any member may, upon or in anticipation of a dissolution of, or the termination of his or her interest in, a limited liability company (including a series of a limited liability company formed under the laws of a jurisdiction recognizing such a series), agree that he or she or it will not carry on a similar business within a specified geographic area where the limited liability company business has been transacted, so long as any other member of the limited liability company, or any person deriving title to the business or its goodwill from any such other member of the limited liability company, carries on a like business therein.

CREDIT(S)

(Added by Stats.1994, c. 1200 (S.B.469), § 1, eff. Sept. 30, 1994. Amended by Stats.2002, c. 179 (A.B.601), § 3; Stats.2006, c. 495 (A.B.339), § 2.)

HISTORICAL AND STATUTORY NOTES

2008 Main Volume

Legislative declaration of Stats.1996, c. 57 (S.B.141), § 30, relating to the rendition of professional services by a limited liability company, see Historical and Statutory Notes under Code of Civil Procedure § 699.720.

Stats.2002, c. 179 (A.B.601), deleted "or a sale of his or her or its interest in a limited liability company," following "dissolution of a limited liability company" and substituted "geographic area" for "county or counties, city or cities, or a part thereof,".

Stats.2006, c. 495 (A.B.339), inserted ", or the termination of his or her interest in, a limited liability company (including a series of" and "formed under the laws of a jurisdiction recognizing such a series)".

For uncodified provisions relating to Stats.2006, c. 495 (A.B.339), see Historical and Statutory Notes under Business and Professions Code § 16601.

West's Ann. Cal. Bus. & Prof. Code § 16602.5, CA BUS & PROF § 16602.5

Current with urgency legislation through Ch. 4 of the 2009 Reg.Sess.,
Ch. 12 of the 2009-2010 2nd Ex.Sess., and Ch. 25 of the 2009-2010 3rd Ex.Sess.,
Governor's Reorganization Plan No. 1 of 2009, and Props. 1A to 1F on the

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 4**
**- 11 -**

West's Ann.Cal.Bus. & Prof.Code § **16602.**5

5/19/2009 ballot and propositions on the 6/8/2010 ballot received
as of 6/1/2009

© 2009 Thomson Reuters

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 4**
**- 12 -**

Westlaw.

West's Ann.Cal.Bus. & Prof.Code § **16607**

**c**

**Effective: [See Text Amendments]**

West's Annotated California Codes Currentness
   Business and Professions Code (Refs & Annos)
     Division 7. General Business Regulations (Refs & Annos)
       Part 2. Preservation and Regulation of Competition (Refs & Annos)
         Chapter 1. Contracts in Restraint of Trade (Refs & Annos)

    → **§ 16607. Employment agency; customer list a trade secret; liability for use of list**

(a) Except as provided in subdivision (b), the customer list, including the names, addresses and identity of all employer customers who have listed job orders with an employment agency within a period of 180 days prior to the separation of an employee from the agency and including the names, addresses and identity of all applicant customers of the employment agency, shall constitute a trade secret and confidential information of, and shall belong to, the employment agency.

(b) Notwithstanding the provisions of subdivision (a), no liability shall attach to, and no cause of action shall arise from, the use of a customer list of an employment agency by a former employee who enters into business as an employment agency more than one year immediately following termination of his employment.

CREDIT(S)

(Added by Stats.1973, c. 1116, p. 2282, § 1.)

West's Ann. Cal. Bus. & Prof. Code § **16607**, CA BUS & PROF § **16607**

Current with urgency legislation through Ch. 4 of the 2009 Reg.Sess.,
Ch. 12 of the 2009-2010 2nd Ex.Sess., and Ch. 25 of the 2009-2010 3rd Ex.Sess.,
Governor's Reorganization Plan No. 1 of 2009, and Props. 1A to 1F on the
5/19/2009 ballot and propositions on the 6/8/2010 ballot received
as of 6/1/2009

© 2009 Thomson Reuters

END OF DOCUMENT

© 2009 Thomson Reuters. No Claim to Orig. US Gov. Works.

**EXHIBIT 5**
- 13 -

Westlaw.

C.R.S.A. § 8-2-113                                                                                   Page 1

**C**

West's Colorado Revised Statutes Annotated Currentness
  Title 8. Labor and Industry
    Labor I--Department of Labor and Employment
      Labor Relations
        Article 2. Labor Relations, Generally (Refs & Annos)
          Part 1. General Provisions
            → **§ 8-2-113. Unlawful to intimidate worker--agreement not to compete**

(1) It shall be unlawful to use force, threats, or other means of intimidation to prevent any person from engaging in any lawful occupation at any place he sees fit.

(2) Any covenant not to compete which restricts the right of any person to receive compensation for performance of skilled or unskilled labor for any employer shall be void, but this subsection (2) shall not apply to:

(a) Any contract for the purchase and sale of a business or the assets of a business;

(b) Any contract for the protection of trade secrets;

(c) Any contractual provision providing for recovery of the expense of educating and training an employee who has served an employer for a period of less than two years;

(d) Executive and management personnel and officers and employees who constitute professional staff to executive and management personnel.

(3) Any covenant not to compete provision of an employment, partnership, or corporate agreement between physicians which restricts the right of a physician to practice medicine, as defined in section 12-36-106, C.R.S., upon termination of such agreement, shall be void; except that all other provisions of such an agreement enforceable at law, including provisions which require the payment of damages in an amount that is reasonably related to the injury suffered by reason of termination of the agreement, shall be enforceable. Provisions which require the payment of damages upon termination of the agreement may include, but not be limited to, damages related to competition.

CREDIT(S)

Amended by Laws 1982, H.B.1174, § 1, eff. April 6, 1982.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

**EXHIBIT 6**
**- 14 -**

**§480-4  Combinations in restraint of trade, price-fixing and limitation of production prohibited.**  (a)  Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce in the State, or in any section of this State is illegal.

(b)  Without limiting the generality of the foregoing no person, exclusive of members of a single business entity consisting of a sole proprietorship, partnership, trust, or corporation, shall agree, combine, or conspire with any other person or persons, or enter into, become a member of, or participate in, any understanding, arrangement, pool, or trust, to do, directly or indirectly, any of the following acts, in the State or any section of the State:

(1)  Fix, control, or maintain, the price of any commodity;

(2)  Limit, control, or discontinue, the production, manufacture, or sale of any commodity for the purpose or with the result of fixing, controlling or maintaining its price;

(3)  Fix, control, or maintain, any standard of quality of any commodity for the purpose or with the result of fixing, controlling, or maintaining its price;

(4)  Refuse to deal with any other person or persons for the purpose of effecting any of the acts described in (1) to (3) of this subsection.

(c)  Notwithstanding the foregoing subsection (b) and without limiting the application of the foregoing subsection (a) it shall be lawful for a person to enter into any of the following restrictive covenants or agreements ancillary to a legitimate purpose not violative of this chapter, unless the effect thereof may be substantially to lessen competition or to tend to create a monopoly in any line of commerce in any section of the State:

(1)  A covenant or agreement by the transferor of a business not to compete within a reasonable area and within a reasonable period of time in connection with the sale of the business;

(2)  A covenant or agreement between partners not to compete with the partnership within a reasonable area and for a reasonable period of time upon the withdrawal of a partner from the partnership;

(3)  A covenant or agreement of the lessee to be restricted in the use of the leased premises to certain business or agricultural uses, or covenant or agreement of the lessee to be restricted in the use of the leased premises to certain business uses and of the lessor to be restricted in the use of premises reasonably proximate to any such leased premises to certain business uses;

(4)  A covenant or agreement by an employee or agent not to use the trade secrets of the employer or principal in competition with the employee's or agent's employer or principal, during the term of the agency or thereafter, or after the termination of employment, within such time as may be reasonably necessary for the protection of the

**EXHIBIT 7**
**- 15 -**

employer or principal, without imposing undue hardship on the
        employee or agent. [L 1961, c 190, §2; Supp, §205A-2; am
        imp L 1967, c 49, §1; HRS §480-4; gen ch 1985]

### Cross References

Actions to enforce noncompetition agreements, see §607-14.9.

### Case Notes

Applies only to commerce in the State. 518 F.2d 913.
Insufficient evidence of unlawful conspiracy to require all
contractors to contribute to contractor's association fund.  809 F.2d
626.
Mentioned in discussing availability of estoppel as defense in
private antitrust action.  296 F. Supp. 920.
Important factors in determining predatory pricing include: timing
of the price cut; particular growth cycle of the firm; circumstances
and duration of the price cut.  513 F. Supp. 726.
Mere formality of separate incorporation is not, without more,
sufficient to provide the capability for conspiracy. Parent
corporation controlled subsidiary to such a degree that the two
entities in substance constitute a single entity incapable of
conspiring with itself.  513 F. Supp. 726.
Action by shopping center tenant against shopping center owner.
530 F. Supp. 499.
Large landowner's parallel lease-only policy not unlawful
conspiracy; standardization of leases not price-fixing.  594 F. Supp.
1480.
No standing to sue for price-fixing and monopoly since no showing
that alleged price-fixing caused injury.  606 F. Supp. 584.
Preempted by federal labor regulations. 687 F. Supp. 1453.
Salesman's Agreement imposed reasonable restrictions on former
employees' contacts with customers where, inter alia, (1)
restrictions regarding customer contact were limited to two years
following termination; and (2) an employee was not prohibited from
working for a competitor, but only in assisting the competitor in
selling products that were competitive with the employer's products;
even that restriction applied only when contacting certain
customers.  18 F. Supp. 2d 1116.
Where defendant, a wholesale food marketer and distributor,
asserted that plaintiff, a common carrier, engaged in an illegal
tying arrangement and that plaintiff worked in concert with another
carrier to impair competition, defendant presented no genuine issue
of material fact with respect to its §480-4 claim for concerted
action, and presented a viable claim under this section for an
illegal tying arrangement. 61 F. Supp. 2d 1092.
Defendants' motion for summary judgment on plaintiffs' claim under
this section granted; although the word "commodity" was defined to
include "any other business", the purchase of real estate by an

**EXHIBIT 7**
- 16 -

individual owner could not be considered a business.  338 F. Supp. 2d 1106.

Mentioned, where plaintiff alleged that defendants' practice of imposing maximum price restrictions in rebate program for the installation of solar water heaters violated state and federal antitrust law, and summary judgment granted for defendants on plaintiffs' claims based on Sections 1 and 2 of the Sherman Act and state antitrust claims.  409 F. Supp. 2d 1206.

Restraints in subsection (c) are not the only allowable types; others that are not per se violations of chapter 480 are valid if deemed reasonable. 57 H. 113, 551 P.2d 163.

A parent-subsidiary corporate relationship without more is generally insufficient to establish capacity for unlawful conspiracy. 63 H. 289, 627 P.2d 260.

Where economic interest of corporation's officer/majority shareholder's was the same as that of corporation's two wholly-owned subsidiaries, officer/majority shareholder could not conspire with the corporation for purposes of §480-9 or this section.  91 H. 224, 982 P.2d 853.

Where the two companies were wholly-owned subsidiaries of the same parent corporation and shared a singular economic interest, they could not constitute a plurality of actors for purposes of a conspiracy under §480-9 or this section.  91 H. 224, 982 P.2d 853.

Previous                    Vol11_Ch0476-0490                    Next

**EXHIBIT 7**
**- 17 -**

http://www.capitol.hawaii.gov/hrscurrent/vol11_ch0476-0490/HRS0480/HRS_0480-0004....   6/26/2009

Case 2:09-cv-02104-R-AJW   Document 14   Filed 06/29/09   Page 19 of 21



Previous Section    MCA Contents    Part Contents    Search    Help    Next Section

**28-2-704. Exception -- sale of goodwill of business.** (1) One who sells the goodwill of a business may agree with the buyer to refrain from carrying on a similar business within the areas provided in subsection (2) so long as the buyer or any person deriving title to the goodwill from him carries on a like business therein.

(2) The agreement authorized in subsection (1) may apply in:

(a) the city where the principal office of the business is located;

(b) the county where the principal office of the business is located;

(c) a city in any county adjacent to the county in which the principal office of the business is located;

(d) any county adjacent to the county in which the principal office of the business is located; or

(e) any combination of the foregoing.

**History:** En. Sec. 2247, Civ. C. 1895; re-en. Sec. 5058, Rev. C. 1907; re-en. Sec. 7560, R.C.M. 1921; Cal. Civ. C. Sec. 1674; Field Civ. C. Sec. 834; re-en. Sec. 7560, R.C.M. 1935; R.C.M. 1947, 13-808; amd. Sec. 1, Ch. 432, L. 1983.

Provided by Montana Legislative Services

**EXHIBIT 8**
**- 18 -**



Previous Section    MCA Contents    Part Contents    Search    Help    Next Section

**28-2-705. Exception -- dissolution of partnership.** Partners may, upon dissolution of the partnership, agree that one or more of them may not carry on a similar business within the areas provided in 28-2-704(2).

**History:** En. Sec. 2248, Civ. C. 1895; re-en. Sec. 5059, Rev. C. 1907; re-en. Sec. 7561, R.C.M. 1921; Cal. Civ. C. Sec. 1675; Field Civ. C. Sec. 835; re-en. Sec. 7561, R.C.M. 1935; R.C.M. 1947, 13-809; amd. Sec. 2, Ch. 432, L. 1983.

Provided by Montana Legislative Services

# DIVISION OF LABOR STANDARDS ENFORCEMENT
# ENFORCEMENT POLICIES AND INTERPRETATIONS MANUAL

commissions 30 days after termination did not "shock the conscience" and held that the agreement was not unconscionable*.

**34.6   Common Law Of Contracts Also Supports Payment Of Commission.** There are a number of contract cases based on the common law as adopted in California which hold that if the employee is the procuring cause of the sale, he or she is entitled to the commissions. The term, "He who shakes the tree is the one entitled to gather the fruit" is used to describe the concept. (See *Willison v. Turner Resilient Floors* (1949) 89 Cal.App.2d 589; 201 P.2d 406) The court in *Wise v. Reeve Electronics, Inc.* (1960) 183 Cal.App.2d 4; 6 Cal.Rptr. 587, held that where the employee was the procuring cause of a sale, he is entitled to the commission "irrespective of the fact that the principal himself, or through others, may have intervened."

**34.7   Commissions Where Employee Terminates.** Generally, if the contract for the commissions is clear and unambiguous and there are substantial duties which must be performed in order to complete the sale, the employee who voluntarily terminates without accomplishing those tasks is not entitled to recover. ( *Hudgins v. Neiman Marcus Group, Inc., supra*, 34 Cal.App.4th 1109, 1120) Note that non-recovery is limited to cases involving questions of when a commission has been earned by a terminated employee on a "sale" transaction that is not an instantaneous event (as in the context of retail sales) but, rather, is "completed" over a relatively long period of time during which the sales agent may be required to perform additional services for the customer. ( *Hudgins v. Neiman Marcus Group, Inc., supra*, 34 Cal.App.4th 1109, 1121)

**34.8   Commissions Where Employer Terminates Employee.** Where the termination is not a quit, but a discharge, the employee has been prevented from completing the duties and may be able to recover all or a pro rata share of the commissions.  (O.L. 1993.03.08)

**34.8.1**   The use of common law doctrines such as "prevention" and "impossibility of performance" may be asserted by any employee as a basis for recovering commissions despite having failed to perform all of the conditions precedent otherwise required.

**34.9   Payment Of Commissions Upon Termination Of Employment.** A commission is "earned" when the employee has perfected the right to payment; that is, when all of the legal conditions precedent have been met.   The provisions of any contract notwithstanding, California courts will not enforce unlawful or unconscionable terms and will construe any ambiguities against the person who wrote the contract (usually the employer) to avoid a forfeiture. (See O.L. 1999.01.09)

---

*The cases cited (*American Software and Ellis v. McKinnon*) appear to be irreconcilable but, in fact, turn on the question of what each of the courts viewed as unconscionable.

EXHIBIT 9
- 20 -